IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3016-FL

| | |
|---|---|
| JOSE MANUEL VALENCIA-VALENCIA, ) ) ) Plaintiff, ) ) ) v. ) ) RALPH NEWMAN, M.D.; JEAN ) ZULA, M.D.; AND MAUREEN ) REARDON, PH.D., ) ) Defendants. ) | ORDER |

This matter comes before the court on the motion to dismiss, or in the alternative, motion for summary judgment (DE # 15), filed on September 2, 2010, by defendants Ralph Newman, M.D., Jean Zula, M.D., Maureen Reardon, Ph.D. (collectively "defendants").[1] Also before the court is defendants' motion to seal (DE # 18), also filed September 2, 2010. Plaintiff did not file any response in opposition within the time allotted by the Federal Rules of Civil Procedure or this court's local rules. In this posture, the matters are ripe for adjudication. For the reasons that follow, defendants' motions are granted.

## STATEMENT OF THE CASE

On February 10, 2010, plaintiff filed this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Plaintiff alleges that defendants

---

[1] Dr. Newman is a psychiatrist employed by the Federal Bureau of Prisons ("BOP"). Dr. Zula is the Chief Psychiatrist at the facility housing defendant, and Dr. Reardon is a BOP psychologist.

violated his rights pursuant to the Eighth Amendment to the United States Constitution when they misdiagnosed him as suffering from a mental illness, presented false testimony in order to have him hospitalized pursuant to 18 U.S.C. § 4245, and involuntarily medicated him. Plaintiff also alleges that defendants used excessive force and facilitated the use of excessive force against him in violation of the Eighth Amendment.

## DISCUSSION

A. Standard of Review

Because defendants attached matters which are outside of the pleadings, the court construes defendants' motion as a motion for summary judgment. See Fed. R. Civ. P. 12(d). Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B. Analysis

Defendants raise the affirmative defense that plaintiff failed to exhaust administrative remedies before filing this action. See Jones v. Bock, 549 U.S. 199, 216 (2007); Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005). The Prisoner Litigation Reform Act

2

("PLRA") states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see also Woodford v. Ngo, 548 U.S. 81, 84 (2006) (noting that exhaustion is mandatory under the PLRA); Porter v. Nussle, 534 U.S. 516, 524 (2002) (same). A prisoner must exhaust his administrative remedies even if the relief requested is not available under the administrative process.[2] Booth v. Churner, 532 U.S. 731, 741 (2001).

The BOP provides a four-step administrative remedy procedure. The first step in the process requires an inmate to present his issue to staff in an attempt at informal resolution of the issue. See 28 C.F.R. § 542.13. If informal resolution is unsuccessful, an inmate may submit a formal written Administrative Remedy Request to the Warden using a BP-9 form. See 28 C.F.R. § 542.14. If an inmate is dissatisfied with the Warden's response, he then may appeal to the BOP's Regional Director, using a BP-10 form, and then to the BOP's General Counsel, using a BP-11 form. See 28 C.F.R. § 542.15. An inmate may not raise an issue in a BP-10 or BP-11 appeal that was not raised in lower level administrative remedy filings. 28 C.F.R. § 542.15(b)(2). If an inmate's submission is rejected then the Administrative Remedy Coordinator shall provide written notice explaining the reasons for rejection, and if the defect is correctable the notice shall provide a reasonable time extension for the inmate to correct the defect. See 28 C.F.R. § 542.17.

In this case, plaintiff submitted a BP-9 request to the Warden on November 29, 2009, alleging he was misdiagnosed with schizophrenia and that false testimony was given at his hearing

---

[2] The court notes that plaintiff was hospitalized in the BOP's medical center in Butner, North Carolina pursuant to 18 U.S.C. § 4245 at the time that he brought this action. Section 4245 allows a court to find that an inmate suffers "from a mental disease or defect for the treatment of which he is in need of custody for care and treatment." 18 U.S.C. § 4245. A person committed under § 4245 is a "person serving a sentence of imprisonment[.]" under the PLRA. See United States v. Mair, 2010 WL 2472080, at * 1 n.1 (E.D.N.C. June 17, 2010). Thus, the PLRA, including its exhaustion requirement, applies to plaintiff.

3

in United States v. Valencia-Valencia, No. 5:09-HC-2059-BR (E.D.N.C. Sept. 9, 2008). (Cox Aff. ¶ 7.) This request was rejected by the administrative remedy coordinator because it was unclear, and plaintiff was asked to provide more specific information in order for his BP-9 request to be considered. (Id.) On December 7, 2009, plaintiff filed a BP-10 appeal to the BOP's Regional Office, alleging that he was involuntarily medicated and misdiagnosed. (Id. at ¶ 8.) On January 8, 2009, the Regional Office administrative coordinator rejected the BP-10 appeal for failure to properly file a BP-9 request and for failing to provide a copy of the of the filed BP-9 request. (Id.) Plaintiff then submitted a BP-11 appeal to the BOP's Central Office, in which he again alleged misdiagnosis, but also raised additional claims that he had been "locked up" for eight months, assaulted by staff, and injected with dangerous drugs. (Id. at ¶ 9.) On February 1, 2010, the BOP's Central Office rejected this appeal pursuant to 28 C.F.R. § 542.15(b)(2), because an inmate may not raise an issue in a BP-10 or BP-11 appeal that was not raised in lower level filings. (Id.) Plaintiff did not take any steps to correct his BP-9, BP-10, or BP-11 requests and/or appeals.

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Woodford, 548 U.S. at 90-91. At each level of the administrative remedy procedure, plaintiff was informed that his filing did not comport with the administrative remedy procedure requirements. Despite this information, plaintiff took no action to correctly follow the administrative remedy procedures. Further, plaintiff does not allege that he was prevented from exhausting his administrative remedies in accordance with the BOP's administrative remedy procedures.

Accordingly, defendants' motion for summary judgment is plaintiff's action is GRANTED and plaintiff's action is DISMISSED WITHOUT PREJUDICE for failure to exhaust his administrative remedies. Moreover, for good cause shown, defendants' motion to seal the involuntary medication report at docket entry 17, offered in support of their motion for summary judgment, is GRANTED where that report contains sensitive psychiatric information and no reasonable alternative exists to sealing. See Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 178, 180-81 (4th Cir. 1988).

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment (DE # 15) and motion to seal (DE # 18) are GRANTED, and this action is DISMISSED WITHOUT PREJUDICE.

SO ORDERED, this the 2nd day of June, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge